IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIANA BAILEY,

    Plaintiff,                        No. CIV S-05-1986 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.                   <u>ORDER</u>

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated August 27, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has several severe impairments but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff has the residual functional capacity for sedentary work with certain postural and mental limitations; plaintiff cannot perform her past relevant work; based on the testimony of a vocational expert, there is work in significant numbers in the national and regional economies that plaintiff can perform; and plaintiff is not disabled. Administrative Transcript

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

("AT") 26-27.  Plaintiff contends the ALJ improperly assessed her mental impairment and that the hypothetical posed to the vocational expert and relied on by the ALJ in finding plaintiff not disabled was incomplete.

II.  Standard of Review

        The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

/////

1  III. Analysis

2    A. Mental Impairment

3    Plaintiff contends that substantial evidence does not support the ALJ's finding that plaintiff was mildly to moderately limited with regard to maintaining social function and maintaining concentration, persistence, and pace. AT 25. These findings with respect to mental limitations were set forth in the context of the general evaluation of mental impairment required under 20 C.F.R. § 416.920a(c). See SSR 96-8p (limitations identified under paragraph "B" criteria are not residual functional capacity assessment). The actual functional limitations of plaintiff's residual mental functional capacity are set forth in the preceding paragraph of the ALJ's decision, which specifically found plaintiff was able to perform simple, repetitive tasks, with occasional required interaction with the public and coworkers. AT 25; see also AT 26, Finding no. 5.

    The record contains three assessments by medical professionals regarding plaintiff's mental impairment. Plaintiff's treating psychologist, Dr. Datta, opined in a letter dated February 22, 2004 that plaintiff was at that time "not capable of competing in the open job market." AT 574. No specific mental functional limitations were set forth in the February 2004 letter. The ALJ concluded plaintiff's recent psychiatric treatment indicated improvement, specifically noting plaintiff's GAF[2] of 72 and citing the February 2004 letter, which also indicated that plaintiff's anxiety and depression had been improving. AT 25, 537, 574.

/////

---

[2] GAF is a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders at 34 (4th ed. 2000) ("DSM IV-TR"). A GAF of 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school function (e.g, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. Id. A GAF of 71-80 indicates no more than slight impairment in social, occupational or school functioning. Id.

A mental status evaluation was performed by Dr. Young on September 12, 2003. AT 463-466. Dr. Young concluded plaintiff's ability to deal with public, supervisors and co-workers was moderately impaired but that plaintiff was unimpaired with respect to performing straight forward one- and two-step tasks. AT 466. On September 30, 2003, state agency physician Dr. Mateus opined that under the "B" criteria of the Listings[3] plaintiff was moderately impaired with respect to difficulties in maintaining social functioning and maintaining concentration, persistence and pace. AT 472. However, with respect to specific abilities in each of those general functional categories, Dr. Mateus concluded plaintiff was either not significantly limited (10 abilities) or moderately limited (3 abilities). AT 467-468.

The ALJ's conclusion that plaintiff could perform simple, repetitive tasks, with occasional required interaction with the public and coworkers is consistent with the functional limitations as assessed by the various mental health professionals. On this record,[4] substantial evidence supports the ALJ's conclusion regarding the functional limitations due to plaintiff's mental impairment.

B. Vocational Expert

Plaintiff also contends the hypothetical posed by the ALJ to the vocational expert was incomplete because it did not include limitations from right shoulder impingement syndrome

---

[3] The Social Security Regulations "Listing of Impairments" is comprised of impairments to certain categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985). Under the "B" criteria plaintiff must have at least marked impairment in the first three areas of functional limitation in order to satisfy the functional criterion. AT 472, Listing 12.00.

[4] With respect to plaintiff's testimony regarding mental impairment, the ALJ properly found plaintiff's subjective complaints are not fully credible and plaintiff does not challenge that finding.

1  and bilateral carpal syndrome.[5]  Hypothetical questions posed to a vocational expert must set out
2  all the substantial, supported limitations and restrictions of the particular claimant.  Magallanes v.
3  Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's
4  limitations, the expert's testimony as to jobs in the national economy the claimant can perform has
5  no evidentiary value.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ
6  may pose to the expert a range of hypothetical questions, based on alternate interpretations of the
7  evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be
8  supported by substantial evidence in the record as a whole.  Embrey v. Bowen, 849 F.2d 418, 422-
9  23 (9th Cir. 1988).

10       The ALJ properly found no functional limitations due to plaintiff's right shoulder
11  impingement syndrome and bilateral carpal tunnel syndrome.  Although at step two of the
12  analysis, a de minimis screening device to dispose of groundless claims, the ALJ found these
13  impairments to be severe, there is no requirement that the ALJ find functional limitations
14  correlative to these impairments in assessing the residual functional capacity.  Here, the ALJ
15  credited the post-hearing orthopedic consultative examination of Dr. Manhart.  AT 25, 580-586.
16  Dr. Manhart's evaluation included extensive review of plaintiff's medical records and a full
17  physical examination including plaintiff's shoulder and consideration of plaintiff's carpal tunnel
18  syndrome.  AT 580, 584, 586.  Dr. Manhart concluded plaintiff had no functional limitations due
19  to the impairments challenged by plaintiff.  There was accordingly no error in failing to include
20  any functional limitations due to  plaintiff's right shoulder impingement tunnel syndrome and
21  bilateral carpal syndrome in the hypothetical posed to the vocational expert.
22  /////

---

[5] Implicit in plaintiff's argument regarding mental impairment is that the hypothetical also did not include the proper mental limitations.  As discussed above, the ALJ's evaluation of the functional limitations due to mental impairment was proper.  The hypothetical relied on by the ALJ included the properly assessed limitations of plaintiff's residual mental functional capacity.  AT 64-65.

1  The ALJ's decision is fully supported by substantial evidence in the record and
2 based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:
3  1. Plaintiff's motion for summary judgment or remand is denied, and
4  2. The Commissioner's cross-motion for summary judgment is granted.
5 DATED: March 28, 2007.

_____
U.S. MAGISTRATE JUDGE

006
bailey.ss